ANGELA J. LIZADA, ESQ.
Nevada Bar No. 11637
LIZADA LAW FIRM, LTD.
501 S. 7th St.
Las Vegas, NV 89101
(702) 979-4676
Fax: (702) 979-4121
Attorney for Plaintiff

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| MILTON LEWIS, | Case No.: 2:17-cv-1158 |
| Plaintiff, | |
| v. | |
| BOARD OF REGENTS NEVADA SYSTEM OF HIGHER EDUCATION dba COLLEGE OF SOUTHERN NEVADA, | **STIPULATION AND ~~PROPOSED~~ ORDER TO STAY DISCOVERY** |
| Defendant. | [FIRST REQUEST] |

Plaintiff MILTON LEWIS ("Plaintiff") and Defendant BOARD OF REGENTS NEVADA SYSTEM OF HIGHER EDUCATION dba COLLEGE OF SOUTHERN NEVADA ("Defendant"), by and through their respective counsel, do hereby stipulate and request that the Court issue an order staying discovery until the Court has ruled on Defendant's Motion to Dismiss (**ECF No. 6**) and Plaintiff's Opposition to Motion to Dismiss, or in the Alternative Countermotion to Amend Complaint.

I.      **BACKGROUND.**

Plaintiff's Complaint alleging one claim of race discrimination in violation of Title VII of the Civil Rights Act of 1963 and one claim of retaliation, was filed on April 26, 2017. On May 23, 2017, Defendant filed a Motion to Dismiss arguing that (A) Plaintiff fails to state a viable legal basis for this Court's jurisdiction and venue over the case; (B) Plaintiff's allegations are

insufficient to meet the minimum requirements established by *Twombly* and *Iqbal*; and (C) Plaintiff's Complaint does not adequately allege the required elements for either cause of action. (**ECF No. 6**). Plaintiff opposed Defendant's Motion to Dismiss and filed a Countermotion to Amend her Complaint on June 2, 2017 (**ECF No. 11**). Defendant's Motion to Dismiss was fully briefed on June 7, 2017 when it filed its Reply in Support of its Motion to Dismiss (**ECF No. 12**). Defendant's Motion to Dismiss has been set for a hearing before the Court on April 10, 2017 (**ECF No. 10**). This matter has also been set for an Early Neutral Evaluation Session on April 28, 2017 (**ECF No. 11**).

The parties held their Fed. R. Civ. P. 26(f) Conference on June 29, 2017. The parties' Fed. R. Civ. P. 26(a)(1) disclosures are therefore presently due on July 13, 2017. The parties' Stipulated Discovery Plan and Scheduling Order is also presently due on July 3, 2017 (**ECF No. 6**). The parties agree that they will provide Fed. R. Civ. P. 26(a)(1) disclosures by the above-stated deadline. But the parties request that the Court otherwise issue a stay of discovery and continue the deadline for the parties' Stipulated Discovery Plan and Scheduling Order pending the disposition of Defendant's Motion to Dismiss and Plaintiff's Countermotion to Amend. The parties agree that if the Court issues this stay of discovery, they will submit a Stipulated Discovery Plan and Scheduling Order within 14 days of the Court's order on those Motions if Plaintiff's Complaint is not dismissed with prejudice.

## II.    A STAY OF DISCOVERY IS WARRANTED.

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, the court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery

while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *see also Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

Further, in assessing a request to stay discovery, the court takes a "preliminary peek" at the merits of the dispositive motion. *Tradebay, LLC, v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). This "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id.* Common examples of situations in which good cause has been found to stay discovery are when jurisdiction, venue, or immunity are preliminary issues. *Id.* Ultimately, the party seeking the stay "carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975)).

Defendant's Motion to Dismiss (**ECF No. 6**) warrants a stay in discovery. First, the court employs a two part test in determining whether to stay the discovery when a dispositive motion is pending: (1) the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought; and (2) the court must determine whether the pending potentially dispositive motion can be decided without additional discovery. *See Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). Here, Defendant's Motion to Dismiss is potentially dispositive of the entire case as it requests dismissal with prejudice of Plaintiff's only cause of action – race discrimination. In its Motion to Dismiss, Defendant argues that Plaintiff does not sufficiently plead that this Court has jurisdiction over the matter. (**ECF No. 6** .) Defendant also contends in that Motion that Plaintiff failed to plead sufficient facts to state a plausible claim of race discrimination upon which relief can be granted. *Id.* Additionally, the second part of the test is met because the parties agree that additional discovery is not necessary for the Court to rule on Defendant's Motion to Dismiss. Plaintiff disputes the legal arguments made in Defendant's Motion and has filed an Opposition.

(**ECF No. 11**.) However, the parties agree that Defendant's Motion is the type warranting a stay of discovery.

Second, neither party will suffer hardship or inequity as a result of stay because further discovery is not necessary at this point. Since Defendant has moved to dismiss the entire case, Plaintiff has not been apprised of which factual allegations Defendant intends to admit and which factual allegations Defendant intends to deny. Nor has Plaintiff been apprised of the defenses that Defendant intends to assert. Requiring the parties to conduct discovery on a claim that may not be properly before the Court would result in an unnecessary expenditure of resources by both parties.

Third, similar to the situation in *Little*, this is a case where a temporary stay of discovery will further the goals of judicial economy, control of the Court's docket, and an inexpensive determination of the case. 863 F.2d 681. Ordering the parties to proceed with discovery could potentially clog the Court's docket with discovery disputes on a claim that may be dismissed. Moreover, the parties are set to have an ENE session before the Court on August 16, 2017 which could result in the resolution of this matter.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, having made the strong showing necessary to support their joint request to stay discovery, the parties respectfully request that the Court stay discovery until an order has been issued on Defendant's Motion to Dismiss (**ECF No. 6**) and Plaintiff's Countermotion to Amend (**ECF No. 11**). The parties further request that the deadline for the party's Stipulated Discovery Plan and Scheduling Order be continued until 14 days after the Court's order on these Motions, if that order does not result in Plaintiff's Complaint being dismissed with prejudice.

Dated: June 30, 2017                    Dated: June 30, 2017


 /s/ Angela J. Lizada                     /s/ Diane L. Welch
ANGELA J. LIZADA, ESQ.          DIANE L. WELCH, ESQ.
LIZADA LAW FIRM, LTD.           COLLEGE OF SOUTHERN NEVADA
                                OFFICE OF GENERAL COUNSEL
Attorneys for Plaintiff         Attorneys for Defendant
MILTON LEWIS                    BOARD OF REGENTS NEVADA
                                SYSTEM OF HIGHER EDUCATION dba
                                COLLEGE OF SOUTHERN NEVADA


### ORDER

IT IS SO ORDERED.

Dated: ___July 3_____, 2017.

_____
 Cam Ferenbach
UNITED STATES MAGISTRATE JUDGE


        IT IS HEREBY ORDERED that a status hearing is scheduled for
        10:00 AM, January 4, 2018, in Courtroom 3D.