UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MILTON LEWIS, | Case No. 2:17-CV-1158 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| BOARD OF REGENTS NEVADA SYSTEM OF HIGHER EDUCATION, | |
| Defendant(s). | |

Presently before the court is defendant Board of Regents Nevada System of Higher Education, d/b/a College of Southern Nevada's (CSN) motion to dismiss. (ECF No. 6). Plaintiff Milton Lewis responded. (ECF No. 11).[1] CSN replied. (ECF No. 12). With the court's leave, CSN supplemented its motion to dismiss (ECF No. 17), to which Lewis responded (ECF No. 19) and CSN replied (ECF No. 20).

**I.    Facts**

Lewis alleges that his employer racially discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. Lewis is an African American male who has been an employee of CSN for over eleven years. (ECF No. 1 at 2). He is a custodial worker. (ECF No. 6 at 2). On January 23, 2017, Lewis filed a charge of discrimination with the EEOC. (ECF No. 6 at 2). On January 30, 2017, Lewis received a right to

---

[1] Pursuant to Local Rule IC 2-2(b), a separate document must be filed on the docket for each purpose. LR IC 2-2(b). The court cannot consider plaintiff's request for leave to amend his complaint unless it is filed separately, as a motion. Accordingly, this order denies plaintiff's request for leave to amend.

**James C. Mahan**
**U.S. District Judge**

sue letter. (ECF No. 1 at 4). On April 26, 2017, Lewis filed the instant complaint against CSN, alleging racial discrimination and retaliation in violation of Title VII. (ECF No. 1).

In the instant motion, CSN moves to dismiss Lewis's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (3), and (6). (ECF No. 6).

**II. Discussion**

*A. Subject matter jurisdiction*

*i. Timing of Lewis's EEOC charges*

CSN argues in its supplement to its motion to dismiss that the court lacks subject matter jurisdiction. It argues that Lewis did not file his EEOC complaint within 180 days after the alleged unlawful conduct. (ECF 17 at 3–4). With regard to Lewis's discrimination claim, the record shows that this factual allegation may be true; thus, Lewis may not have fulfilled the statutory requirements necessary to bring his discrimination claim. *See* 42 U.S.C. § 2000e-5(e).

On plaintiff's EEOC charge, he wrote that the date of the last act of discrimination was March 15, 2016. (ECF No. 6 at 15). On July 25, 2016, within the 180-day window, Lewis filed an "EEOC Inquiry Questionnaire" with the EEOC. (ECF No. 19-1). However, in bold, all-capital letters at the bottom of every page of that questionnaire is the following:

**THIS QUESTIONNAIRE IS NOT A CHARGE OF DISCRIMINATION**

(ECF No. 19-1). It appears on this record that it was not until January 23, 2017, that Lewis filed a charge of discrimination against CSN. (ECF No. 6 at 15). The charge alleged discrimination based on race and sex. It did not allege retaliation. (ECF No. 6 at 15). This period—from March 15, 2016, to January 23, 2017—is, of course, greater than 180 days.

But this issue has no bearing on the subject matter jurisdiction—the only argument CSN raises with regard to the filing deadline. It is well established that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines*, Inc., 455 U.S. 385, 393 (1982); *see also Valenzuela v. Kraft, Inc.*,

James C. Mahan
U.S. District Judge

801 F.2d 1170, 1172 (9th Cir.1986). As this statutory deadline is not a jurisdictional issue, CSN has therefore failed to raise valid grounds for dismissal.[2]

### ii. Citation to the wrong statute as the "federal question" for the purposes of federal-question jurisdiction

Next, CSN argues that the court lacks subject matter jurisdiction because Lewis mistakenly cited to the wrong statute as the basis for "federal question" jurisdiction here. (ECF Nos. 6 at 5–6). Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

---

[2] This order does not rule on other potential grounds for dismissal or judgment in favor of CSN based on Lewis's late filing of his charge of discrimination—the order rules only on the argument CSN actually raised, subject matter jurisdiction. Further, although this court has the power to consider summary judgment *sua sponte* "after identifying for the parties material facts that may not be genuinely in dispute," FRCP 56(f)(3), this court declines to do so here because it dismisses Lewis's discrimination claim on other grounds, discussed further below.

Lewis correctly asserts that the court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1 at 2). Pursuant to 28 U.S.C. § 1331, district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

However, Lewis cites the wrong statute as the basis for federal question jurisdiction, citing to 42 U.S.C. §§ 12112 & 12203. Nonetheless, the rest of the complaint makes clear that the issues in this case arise under Title VII. *See* (ECF No. 1 at 1–5). Title VII states that "[e]ach United States district court . . . . shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000e–5(f)(3). Accordingly, Lewis has adequately invoked this court's jurisdiction. This court has subject matter jurisdiction over Lewis's Title VII claims.

### B. *Personal jurisdiction*

CSN argues that "plaintiff improperly bases the [c]ourt's personal jurisdiction over [d]efendant on [d]efendant's minimum contacts to Clark County, Nevada." (ECF No. 6 at 4). Thus, CSN challenges the personal jurisdiction of this court—a court physically located in southern Nevada—over the College of Southern Nevada.

For a court to have general jurisdiction over a party, the party's affiliations with the forum state must be so "continuous and systematic" as to render it essentially at home in the state. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014); s*ee also Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. at 414–16). CSN is licensed, does business, and is physically located in Nevada. (ECF No. 1 at 1). Moreover, CSN is a political subdivision of state of Nevada, and thus, is at home in in this state. (*See* ECF No. 6 at 4 n.1). This court has personal jurisdiction over CSN.

### C. *Venue*

CSN challenges venue. (ECF No. 6 at 4). This court is the proper venue for Lewis's claims pursuant to 28 U.S.C. § 1391(b)(1) & (2) because CSN resides in Nevada and all of the events giving rise to the action took place here. (*See* ECF No. 6 at 4 n.2).

### D. *Failure to state a claim*

CSN argues that Lewis fails to state a plausible claim for relief under Title VII. (ECF No. 6 at 6). CSN alleges that Lewis's complaint asserts only "generalized, conclusory statements" and

fails to provide "specific credible facts to support the required elements." (ECF No. 6 at 7). Lewis disagrees. (ECF No. 11 at 6–10).

### i. *Legal standard*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

**James C. Mahan**
**U.S. District Judge**

- 5 -

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### ii. Racial discrimination claim

Lewis alleges that CSN discriminated against him because he is African American. Title VII prohibits employers from discriminating against employees in the workplace based on race. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2525 (2013); 42 U.S.C. § 2000e-2. A complaint alleging Title VII discrimination must allege that: (1) he belongs to a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (citing *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir.2000)).

The parties agree that Lewis satisfies the first element of a Title VII discrimination claim because he is African American. However, CSN argues that Lewis failed to adequately allege the remaining three elements. *See* (ECF No. 6 at 9–10).

For the second element, Lewis states that he has been working as a custodial worker with CSN for eleven years. (ECF Nos. 1 at 2, 11 at 8). Lewis also states that a supervisory employee told Lewis that "he does a good job and that she has never had a problem with him." (ECF No. 1 at 3). Similarly, Lewis also alleges that his supervisors told him that there was not a problem with his work. (ECF No. 1 at 3). Thus, Lewis has adequately alleged plausible facts showing that that he is qualified for his position.

For the third element, Lewis argues that he suffered adverse employment actions when CSN "subjected him to a more burdensome work load" and when he received two written letters of reprimand. (ECF No. 11 at 9). "[A]n adverse employment action is one that materially affects the compensation, terms, conditions, or privileges of . . . . employment." *Davis*, 520 F.3d at 1089 (quoting *Chuang*, 225 F.3d at 1126) (internal quotation marks omitted). For example, in *Davis*,

the Ninth Circuit held that "assigning more, or more burdensome, work responsibilities, is an adverse employment action." 520 F.3d at 1089. Also, written letters of reprimand may also constitute adverse employment actions because they may affect later discipline. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) ("Transfers of job duties and undeserved performance ratings, if proven, would constitute 'adverse employment decisions'").

Facially alleging that CSN gave Lewis a more burdensome workload, without providing more details about the new work or explaining more about how it compared to his job regularly, fails to adequately allege an adverse employment action. (*See* ECF No. 1 at 3). However, the written reprimands do plausible constitute adverse employment actions. *See Yartzoff*, 809 F.2d at 1376. Therefore, Lewis has satisfied the third element of a discrimination claim.

For the fourth element, Lewis alleges that similarly situated black employees have been targets of harassment by CSN while employees outside his class were not. (ECF No. 11 at 9). To show that an employee is receiving less favorable treatment than those outside of his protected class, the plaintiff seeking relief must demonstrate that he is similarly situated to the employees treated more favorably. *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006).

Here, Lewis does not provide specific details as to how the employees outside the protected class are similarly situated to him beyond his general allegation of discrimination against African Americans.. *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) (Employees "are similarly situated when they have similar jobs and display similar conduct."). His complaint does not point to employees outside of his protected class and explain how they were treated more favorably or how they are similarly situated to Lewis. (*See* ECF No. 1 at 4).

Therefore, the motion to dismiss is granted in part, and this court dismisses Lewis's discrimination claim without prejudice.[3] (ECF No. 1 at 5).

### iii. *Retaliation claim*

Title VII also makes it "unlawful to retaliate against an employee because she has taken action to enforce rights protected under Title VII." *Miller v. Fairchild*, 797 F.2d 727, 730 (9th

---

[3] As mentioned above, this order does not address the alleged untimeliness of Lewis's EEOC charge of discrimination, with regard to his discrimination claim, because the court dismisses the claim on other grounds as explained herein.

James C. Mahan
U.S. District Judge

Cir. 1986). To bring a claim for retaliation in violation of Title VII, a plaintiff must show "(1) that he engaged in a protected activity, (2) that he suffered an adverse employment decision, and (3) that there was a causal link between plaintiff's activity and the employment decision." *Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir.2002) (citing *Hashimoto v. Dalton*, 118 F.3d 671, 679 (9th Cir.1997)).

For the first element, Title VII's anti-retaliation provision creates two types of protected activity. It is unlawful to retaliate against an employee because he (1) "opposed any practice made an unlawful employment practice by this subchapter" or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

For the second element, the Ninth Circuit has held that "an adverse employment action is adverse treatment that is reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1237 (9th Cir. 2000). Written letters of reprimand may constitute adverse employment actions because they may affect later discipline. *See* Yartzoff, 809 F.2d at 1376 ("Transfers of job duties and undeserved performance ratings, if proven, would constitute 'adverse employment decisions'").

For the third element—to show the requisite causal link between the protected activity and adverse action in a retaliation claim—a plaintiff must show that his protected activity was at least one of the reasons for the adverse actions taken against him, and he must show that but for such activity, the employer would not have taken those actions. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533–34 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation.").

Lewis has stated a plausible claim of retaliation. (ECF No. 1). First, he alleges that he engaged in protected activity by filing a hostile work environment EEOC complaint based on racial discrimination. (ECF No. 1 at 2). It is well-established that participation in the EEOC process is protected activity.

Second, Lewis has alleged that he received two undeserved written letters of reprimand from CSN, his employer. *Id.* at 3–4 ¶¶ 32, 37. The complaint is unclear about the exact timing of

these letters, but the complaint makes clear that CSN issued at least one of them after Lewis filed his EEOC charge of discrimination. *See id.* at 2–4 ¶¶ 14, 42. Thus, Lewis has adequately alleged that at least one of these letters constituted an adverse employment action. *See Boswell v. Potter*, 51 Fed.Appx. 661, 663 (9th Cir. 2002) (unpublished); *Yartzoff*, 809 F.2d at 1376.

Third, Lewis has alleged sufficient facts to show a causal link between his protected activity and the letters of reprimand. Lewis alleges that, after CSN gave letters of reprimand to all African American employees (and one non-African American employee who was close friends with Lewis), his supervisor stated, "thanks to who did that hostile work environment claim, you get these." (ECF No. 1 at 4). Though somewhat unclear, this statement presumably constituted an admission that the employer gave letters of reprimand to all African-American employees (including Lewis) because Lewis filed his hostile work environment claim. In addition, Lewis alleges that his employer has admitted to giving him an undeserved letter of reprimand in the past. Either of these allegations, construed in Lewis's favor, sufficiently allege a plausible causal link between his protected activity and the adverse action taken against him. Accordingly, Lewis has adequately alleged a Title VII retaliation claim.

Regarding whether Lewis's EEOC charge of discrimination was late, CSN's argument on this issue does not apply to Lewis's *retaliation* claim, as the EEOC charge of discrimination in the record does not allege retaliation. The record is insufficient to determine that a defect exists with the statutory prerequisites for Lewis's *retaliation* claim. First, Lewis's January 23, 2017 EEOC charge of discrimination alleges only discrimination, not retaliation. (*See* ECF No. 6 at 15). Next, nothing in the record shows the dates of CSN's alleged acts of retaliation against Lewis. (*See* ECF No. 1 at 4 ¶¶ 37–42). Nor does the record indicate precisely when Lewis filed his second EEOC charge, (*see* ECF No. 1 at 4 ¶ 50), or if this charge even contained an allegation of retaliation. Therefore, this court is unable to determine on this record whether Lewis filed his EEOC charge of retaliation within 180 days of the last act of retaliation or whether he has exhausted his statutory requirements for bringing this claim now.

However, for the limited purpose of ruling on the instant FRCP 12(b)(6) motion to dismiss, this court holds that Lewis's complaint alleges sufficient details to provide CSN adequate notice

of the key dates at issue for his retaliation claim, for the following reasons. Although the specific dates are not found in the complaint, all that is required to survive the motion to dismiss now is that Lewis's complaint provides "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1217.

Lewis alleges that he filed an EEOC complaint based on racial discrimination, which constitutes protected activity for the purposes of Lewis's retaliation claim. (ECF No. 1 a 2). CSN is presumably aware or can find out the date on which Lewis filed this complaint; thus, CSN has fair notice of the date of the alleged protected activity. Lewis next alleges that CSN issued written letters of reprimand against him—the alleged adverse employment actions. CSN is presumably aware of the dates it issued those letters, too. Finally, Lewis alleges that he filed a second EEOC complaint against CSN. CSN is presumably aware of the date on which Lewis filed that complaint. Accordingly, although the relevant dates are not explicitly listed in the complaint, CSN has fair notice of them. Therefore, this court will not dismiss the claim on this basis because Lewis has provided sufficient, albeit limited, information to give fair notice to CSN regarding his retaliation claim and the key dates involved in order to allow CSN to defend itself effectively. *See Starr*, 652 F.3d at 1217. The motion to dismiss is denied in part regarding Lewis's retaliation claim. (ECF No. 1 at 5).

**III.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant CSN's motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED in part and DENIED in part, without prejudice, according to the foregoing.

. . .

. . .

. . .

. . .

. . .

. . .

IT IS FURTHER ORDERED that Lewis's "alternative" motion to amend the complaint (ECF No. 11) is DENIED without prejudice because Lewis improperly filed it within the same document as his response to the motion to dismiss. If desired, Lewis must file his motion to amend the complaint as a separate, independent document, as required by LR IC 2-2(b).

DATED October 23, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**