UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MILTON LEWIS, | Case No. 2:17-CV-1158 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| BOARD OF REGENTS NEVADA SYSTEM OF HIGHER EDUCATION, | |
| Defendant(s). | |

Presently before the court is defendant Board of Regents of Nevada System of Higher Education on behalf of College of Southern Nevada's ("CSN") motion for summary judgment. (ECF No. 28). Plaintiff Milton Lewis filed a response (ECF No. 29), to which CSN replied (ECF No. 30).

**I.     Facts**

This action arises out of an employment dispute in which Lewis alleges that his supervisors at CSN racially discriminated and retaliated against him. (ECF No. 1).

CSN has employed Lewis, an African American male, as a custodial worker for over eleven years. (ECF Nos. 28, 29). Lewis alleges that throughout 2016 and 2017, his supervisors engaged in various acts of racial discrimination and retaliation. (ECF No. 1).

On March 11, 2016, Lewis and three supervisors were inspecting classroom G-202 for maintenance and cleaning purposes. (ECF Nos. 1, 28-1, 29). While in the classroom, Lewis asked one of the supervisors, Jason Archuletta, why he had falsely stated that Lewis left his work station for an hour on a previous day. (ECF Nos. 1, 28, 28-1). Archuletta denied making such a statement, which prompted Lewis to raise his voice, point his finger, and accuse Archuletta of lying. (ECF

No. 28-1). Another supervisor, Daniel Gonzalez, began to speak with Lewis about his behavior. *Id*. In mid-conversation, Lewis walked out of the classroom, to which Gonzalez declared, "You can't walk away from a supervisor." (ECF Nos. 1, 28-1).

On March 15, 2016, CSN gave Lewis a written reprimand for his conduct on March 11, 2016. (ECF No. 28-1). On January 23, 2017, Lewis filed an EEOC charge, alleging that the written reprimand was an act of racial discrimination. *Id*. On January 27, 2017, the EEOC dismissed Lewis's discrimination claim. *Id*.

In February 2017, CSN conducted an audit of all custodial workers' cell phone usage. *Id*. The audit revealed that Lewis and four other employees made excessive personal calls to fellow employees. *Id*. CSN subsequently gave Lewis and the four other employees written reprimands. (ECF No. 28-1, 29-2). However, after Lewis filed a grievance to dispute his reprimand, CSN voluntarily rescinded the reprimands and issued oral warnings in their place. (ECF No. 28-1).

On April 26, 2017, Lewis initiated this action, alleging two causes of action: (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); and (2) retaliation in violation of Title VII. (ECF No. 1). On October 23, 2017, the court dismissed Lewis' discrimination claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 21).

Now, CSN moves for summary judgment on Lewis' retaliation claim. (ECF No. 28).

**II.    Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id*.

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

In evaluating retaliation claims under Title VII, courts use the *McDonnell Douglas* burden-shifting framework. *Hawn v. Executive Jet Mgmt., Inc.,* 615 F.3d 1151, 1156 (9th Cir. 2010); *see also Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034–35 (9th Cir. 2006). Under this analysis, an employee must first establish a *prima facie* case of retaliation. *Noyes v. Kelly Servs.,* 488 F.3d 1163, 1168 (9th Cir. 2007); *see Cornwell*, 439 F.3d at 1034–35. If an employee establishes a *prima facie* case, "the burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Hawn*, 615 F.3d at 1156. If the employer meets this burden, the employee must then raise a triable issue of material fact as to whether the employer's proffered reasons for its adverse employment action are mere pretext for unlawful retaliation. *Noyes,* 488 F.3d at 1168.

    a. Prima facie case

To establish a *prima facie* case of retaliation under Title VII, an employee must prove that (1) the employee engaged in a protected activity, (2) the employee suffered an adverse employment action, and (3) there was a causal link between the employee's protected activity and the adverse employment action. *Cornwell*, 439 F.3d at 1034–35.

    i. Protected activity

Title VII provides two grounds for protected activity: the participation clause and the opposition clause. *Sias v. City Demonstration Agency*, 588 F.2d 692, 694 (9th Cir. 1978). The participation clause protects "employees who utilize the tools provided by Congress to protect their rights" against practices "reasonably perceived as discrimination prohibited by Title VII."

*Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988). The opposition clause protects "informal opposition to perceived discrimination." *Sias*, 588 F.2d at 695.

On January 23, 2017, Lewis filed an EEOC charge in opposition to the March 15, 2016, written reprimand. (ECF No. 28-1). EEOC charges are one of the tools that Congress provides to protect employees. *See* 42 U.S.C. § 2000e-3(a). However, the record before the court does not include substantive evidence showing that the March 15, 2016, reprimand was an act "reasonably perceived as discrimination." *Learned*, 860 F.2d at 932. Rather, the record shows that Lewis was aware that CSN was attempting to address his misconduct towards his supervisors. (ECF No. 28, 28-1, 29). Accordingly, Lewis did not engage in a protected activity.

### ii. Adverse employment action

An adverse employment action is any action "reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000); *but see Vasquez*, 307 F.3d at 891 (narrowing the rule announced in *Ray* and holding that an employment decision must be objectively adverse to constitute an adverse employment action). Here, CSN reprimanded Lewis for making too may personal calls on his work phone. (ECF No. 28-1). The reprimand that CSN issued was a formal step towards "further progressive disciplinary actions up to and including dismissal." (ECF No. 29). Because such formal disciplinary actions and the threat of termination could deter employees from filing EEOC charges, Lewis has made a *prima facie* showing of an adverse employment action.

### iii. Causal Link

"Title VII retaliation claims must be proved according to traditional principles of but-for causation." *University of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013); *Stilwell v. City of Williams*, 831 F.3d 1234, 1246–47 (9th Cir 2016). This requires showing that the unlawful retaliation would not have occurred absent plaintiff engaging in a protected activity. *Stilwell*, 831 F.3d at 1246–47 (citing *University of Texas Sw. Med. Ctr.*, 570 U.S. at 362).

Lewis has failed to make a *prima facie* showing that CSN would not have issued the February 2017 reprimand but-for Lewis filing an EEOC charge. CSN reprimanded Lewis for making excessive personal calls on his work cell phone. (ECF Nos. 28-1, 29-2). The evidence

before the court, including Lewis' own deposition testimony, shows that Lewis was in fact making excessive personal calls on his work phone. (ECF No. 28-1). Further, CSN reprimanded all employees who were improperly using their work phones, even those that had not previously filed EEOC charges. (ECF Nos. 28, 28-1, 29). Thus, CSN would have issued the 2017 written reprimand even if Lewis had not filed an EEOC charge for race discrimination.

In sum, Lewis has failed to state a *prima facie* case for retaliation in violation of Title VII. Accordingly, the court will grant CSN's motion for summary judgment.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that CSN's motion for summary judgment (ECF No. 28) be, and the same hereby is, GRANTED.

The clerk of court shall enter judgment accordingly and close the case.

DATED October 31, 2018.

_____
UNITED STATES DISTRICT JUDGE